UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES CARPENTER,

      Plaintiff,

      v.

UNITED STATES POSTAL SERVICE,
LISA PITTMAN, and
JOSEPH JUNTI,

      Defendants.

Case No. 26-cv-00217-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Charles Carpenter's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. *Id.* § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). When assessing a motion to proceed *in forma pauperis*, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Plaintiff's affidavit that he is indigent. However, it finds that he fails to state a claim within the Court's subject matter jurisdiction. This Court has subject

matter jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331, and cases where the parties are completely diverse and where more than $75,000, exclusive of interests and costs, is in issue, 28 U.S.C. § 1332(a). Here, Plaintiff attempts to bring an employment discrimination claim for manager misconduct. To support his claim, Plaintiff alleges that he has evidence that: (1) Defendant Lisa Pittman lied to medical staff by saying that his injury did not happen on the job; and (2) Defendant Joe Junti tried to obstruct his OWCD benefits. These allegations are not sufficient to state a claim under any federal employment discrimination statute. *See e.g.*, 42 U.S.C. § 2000e-5 (prohibiting employment discrimination based on race, color, religion, sex, or national origin); 29 U.S.C. § 623 (prohibiting employment discrimination based on age); 42 U.S.C. § 12101 (prohibiting employment discrimination based on disability). As such, Plaintiff fails to state a claim within the Court's federal question jurisdiction. In addition, the Court is unable to determine whether it has diversity jurisdiction over this case because Plaintiff has not alleged the citizenship of all the defendants.

The Court is satisfied that Plaintiff is indigent, but it finds that he fails to state a claim within its subject matter jurisdiction. Therefore, the Court ORDERS Plaintiff to SHOW CAUSE on or before April 13, 2026, why it should not dismiss this case for lack of jurisdiction. In response to this order to show cause, Plaintiff may file an amended complaint with sufficient facts to state a claim within the Court's subject matter jurisdiction. If Plaintiff fails to respond to this order to show cause, the Court will dismiss this case. It RESERVES RULING on Plaintiff Charles Carpenter's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 4).

**IT IS SO ORDERED.**
**DATED**:  **March 13, 2026**

2

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**