UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES CARPENTER,

      Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,
LISA PITTMAN, and
JOSEPH JUNTI,

      Defendants.

Case No. 26-cv-00217-JPG

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Charles Carpenter's Response to Order to Show Cause (Doc. 7). Plaintiff filed his initial complaint on February 26, 2026. In his complaint, he attempted to bring an employment discrimination claim for manager misconduct. To support his claim, he alleged: (1) Defendant Lisa Pittman ("Pittman") lied to medical staff by saying that his injury did not happen on the job; and (2) Defendant Joe Junti ("Junti") tried to obstruct his Office of Workers' Compensation Programs ("OWCP") benefits. In a Memorandum and Order, entered March 13, 2026, the Court found that these allegations are not sufficient to state a claim under any federal employment discrimination statute. It ordered Plaintiff to show cause on or before April 13, 2026, why it should not dismiss this case for lack of jurisdiction. Plaintiff filed a response on April 10, 2026. He asks the Court not to dismiss this case because it involves the handling, interference, and administration of a federal workers' compensation claim under the Federal Employees' Compensation Act ("FECA").

Before the Court reaches the merits of Plaintiff's argument, it must point out a glaring deficiency in his response: it does not contain a signature. Federal Rule of Civil Procedure 11(a) requires that documents be signed by an attorney representing the party or, if the party is

unrepresented, personally by the party herself. Generally, this Court must strike documents that fail to comply with Rule 11(a)'s signature requirement if the deficiency is not promptly corrected. However, the Court will not require any correction here because it must dismiss this case for lack of subject matter jurisdiction.

The FECA establishes a worker's compensation program for federal employees. The Act provides:

a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is—

(1) caused by willful misconduct of the employee;

(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

(3) proximately caused by the intoxication of the injured employee.

5 U.S.C. § 8102(a). "The statute explicitly provides that the system it creates is the *exclusive remedy* for federal employees, and it denies federal courts the jurisdiction to review the final decisions of the Secretary of Labor in applying the Act."[1] *Kyle v. Brennan*, No. 17 C 7646, 2018 WL 3232794 (N.D. Ill. July 2, 2018); *see also* 5 U.S.C. § 8128(b) ("The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."). The OWCP is responsible for administrating the FECA. *See* 20 C.F.R. § 10.1.

---

[1] There is an exception for constitutional claims, *see Czerkies v. U.S. Dep't of Lab.*, 73 F.3d 1435, 1437–43 (7th Cir. 1996), but Plaintiff does not assert any.

Plaintiff alleges that two United States Postal Service employees, Pittman and Junti, interfered with his OWCP proceedings. He states that their interference caused delays and denial of benefits. Plaintiff does not explicitly challenge benefits determinations of the OWCP, but his allegations would require the Court to inquire into whether the Secretary of Labor wrongfully delayed or denied him benefits or otherwise improperly conducted the proceedings. This inquiry is exactly what 5 U.S.C. § 8128(b) prohibits. Accordingly, the Court has no subject matter jurisdiction over Plaintiff's claim.

For the foregoing reasons, the Court DENIES Plaintiff Charles Carpenter's Motion to Proceed *in Forma Pauperis* (Doc. 4), DISMISSES this case without prejudice, and DIRECTS the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED**: April 16, 2026

**J. PHIL GILBERT**
**United States District Judge**